19-60028-TP- Ruiz

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 1:15CR00565-01 |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 19-60028-TP- Ruiz |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Maryland | Baltimore |
| Theodore L. Pittman | NAME OF SENTENCING JUDGE | |
| | Ellen L. Hollander | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>01/17/2019 | TO<br>07/16/2024 |

**OFFENSE**

Conspiracy to Commit Bank Fraud; Aggravated Identity Theft; Aiding & Abetting
Sentencing Date: 01/17/2019

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 7/3/19 | |
|---|---|
| *Date* | *United States District Judge* |
| | Ellen L. Hollander |

7/3/2019
I hereby attest and certify on
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 7/16/19 | |
|---|---|
| *Effective Date* | *United States District Judge* |

Sheet 1 - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                    Judgment Page 1 of 6

FILED
U.S. DISTRICT COURT                    JSH

# United States District Court

## District of Maryland 23 PM 2: 43

AT BALTIMORE

UNITED STATES OF AMERICA                    **JUDGMENT IN A CRIMINAL CASE**
CLERK'S OFFICE
                                            (For Offenses Committed on or After November 1, 1987)
            v.                              BY _____ DEPUTY
                                            Case Number: ELH-1-15-CR-00565-001
**THEODORE L. PITTMAN**

                                            Defendant's Attorney: Steven Hale Levin, CJA
                                            Assistant U.S. Attorney: Tamera Lynn Fine & Ayn
                                            Ducao

**THE DEFENDANT:**

☒ pleaded guilty to counts  1 & 27 of the Indictment
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1349 | Conspiracy To Commit Bank Fraud | 07/01/2015 | 1 |
| 18:1028A(a)(1) & (c)(4) & (c)(5); 18:2 | Aggravated Identity Theft; Aiding & Abetting | 04/15/2014 | 27 |

   The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 543 U.S. 220 (2005).

☐ The defendant has been found not guilty on count(s) _____
☒ Counts  20 & 26  are dismissed on the motion of the United States.

   **IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

                                    January 17, 2019
                                    Date of Imposition of Judgment


                                    Ellen L. Hollander        1/23/19

                                    **Ellen L. Hollander**          Date
                                    **United States District Judge**

Name of Court Reporter:  Mary Zajac

Sheet 2 - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                                      Judgment Page 2 of 6

DEFENDANT: Theodore L. Pittman                                          CASE NUMBER: ELH-1-15-CR-00565-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **9 months as to Count 1; 24 months as to Count 27, consecutive to Count 1, for a total term of imprisonment of 33 months** with credit for time served in Custody, beginning December 9, 2015 through July 26, 2018.  This is a "time served" sentence.

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ a.m./p.m. on _____.

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal.  If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

    ☐  before 2pm on _____

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146.  If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147.  For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148.  Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                      _____

                      UNITED STATES MARSHAL

                      By:_____

                      DEPUTY U.S. MARSHAL

Sheet 3 - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                                           Judgment Page 3 of 6

DEFENDANT: Theodore L. Pittman                                              CASE NUMBER: ELH-1-15-CR-00565-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years as to Count 1; 1 year as to Count 27 to run concurrent to Count 1 for a total term of 5 years** .
**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A.   MANDATORY CONDITIONS

1)   You must not commit another federal, state or local crime.
2)   You must not unlawfully possess a controlled substance.
3)   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4)   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5)   You must cooperate in the collection of DNA as directed by the probation officer.
6)   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7)   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## B.   STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1)   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)   You must answer truthfully the questions asked by your probation officer.
5)   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6)   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7)   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8)   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Sheet 4 - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                    Judgment Page 4 of 6

**DEFENDANT: Theodore L. Pittman**                                    CASE NUMBER: ELH-1-15-CR-00565-001

9)  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10)  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11)  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12)  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13)  You must follow the instructions of the probation officer related to the conditions of supervision.

## C.   SUPERVISED RELEASE
## ADDITIONAL CONDITIONS

You are restricted to your residence for a period of **6 months** except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.  You may be monitored by the form of location monitoring technology and you must follow the rules and regulations of the location monitoring program.

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay or reimburse the costs of the program as directed by the probation officer.

You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay or reimburse the costs of the program as directed by the probation officer.

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must pay the costs of the program as directed by the probation officer. You must not attempt to obstruct or tamper with the testing methods.

You must participate in a gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ✗ _Theodore Pittman_                    Date ✗ 3/5/19

Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                    Judgment Page 5 of 6

**DEFENDANT: Theodore L. Pittman**                               CASE NUMBER: ELH-1-15-CR-00565-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 | WAIVED | $314,023.30 |

☐    CVB Processing Fee $30.00

☐    The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, US District Court<br>101 W. Lombard Street<br>Baltimore, MD 21201<br>For disbursment to victim(s) | | $314,023.30 | |

| **TOTALS** | $ _____ | $  $314,023.30 | |

☐    Restitution amount ordered pursuant to plea agreement _____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒    the interest requirement is waived for the   ☐   fine   ☒   restitution

   ☐    the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Sheet 6 - Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)                                                    Judgment Page 6 of 6

**DEFENDANT: Theodore L. Pittman**                                    CASE NUMBER: ELH-1-15-CR-00565-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  Special Assessment due in full immediately

B  ☒  $ 314,023.30   immediately, balance due (in accordance with C, D, or E); or

C  ☐  Not later than _____; or

D  ☐  Installments to commence _____ day(s) after the date of this judgment.

E  ☒  In  monthly   installments of $ 100.00  to commence 60 days after defendant enters onto supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

☐  **NO RESTITUTION OR OTHER FINANCIAL PENALTY SHALL BE COLLECTED THROUGH THE INMATE FINANCIAL RESPONSIBILITY PROGRAM.**

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐  in equal monthly installments during the term of supervision; or

☒  on a nominal payment schedule of $ 100.00  per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☒  **Joint and Several**

   All Co-Defendants in case # ELH 15-565

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

MD/USAO#2013R00468

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

2015 OCT 27  PM 3: 48

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CLERK'S OFFICE |
| | | AT BALTIMORE |
| v. | * | CRIMINAL NO. MJK-15-0565 |
| | * | BY_____ DEPUTY |
| | * | (Conspiracy to Commit Bank Fraud, |
| THEODORE L. PITTMAN, | * | 18 U.S.C. §1349; Bank Fraud, 18 U.S.C. |
| a/k/a "Teddy," "Tony," and "Bear," | * | §1344; Aggravated Identity Theft, |
| COURTNEY B. WALKER, | * | 18 U.S.C. §1028A(a)(1) & (c)(4) and (c)(5); |
| a/k/a "Wayne Leo Walker," | * | Aiding and Abetting, 18 U.S.C. §2) |
| JAMES J. BLAKEY, | * | |
| a/k/a "Jamal," | * | |
| VINCENT LEE SANDS, | * | |
| a/k/a "Young SP" and "Chad," | * | |
| HEATHER BROOKE ROBERTS, | * | |
| MICHAEL J. WALKER, | * | |
| TARA KATHLEEN WHYTE, | * | |
| TRACY LEE WHYTE, | * | |
| a/k/a "Nikki," | * | |
| SHANNON ELISE ISLEY, | * | |
| LAUREN ANNE BOLE, | * | |
| FELICIA KAYE WAYBRIGHT, | * | |
| a/k/a "Felicia Kaye Phillips," | * | |
| RONALD JASON RHODA, | * | |
| a/k/a "Jason Rhoda," | * | |
| and | * | |
| AMIE NICOLE CARTER, | * | |
| Defendant | * | |
| | ******* | |

**INDICTMENT**

**COUNT ONE**
**(Bank Fraud Conspiracy)**

The Grand Jury for the District of Maryland charges that:

At all times material to the Indictment:

1.      Defendants **THEODORE L. PITTMAN a/k/a "Teddy," "Tony," and "Bear,",**

**COURTNEY B. WALKER, a/k/a "Wayne Leo Walker," JAMES J. BLAKEY, a/k/a**

**"Jamal," VINCENT LEE SANDS, a/k/a "Young SP" and "Chad," HEATHER BROOKE**

**ROBERTS, MICHAEL J. WALKER, TARA KATHLEEN WHYTE, TRACY LEE**

1

WHYTE, a/k/a "Nikki," SHANNON ELISE ISLEY, LAUREN ANNE BOLE, FELICIA

KAYE WAYBRIGHT, a/k/a "Felicia Kaye Phillips," RONALD JASON RHODA, a/k/a

"Jason Rhoda," and AMIE NICOLE CARTER, were residents of Florida and entered into the

State of Maryland to commit the criminal acts alleged herein.

2.       The following were financial institutions insured by the Federal Deposit Insurance

Corporation or the National Credit Union Share Insurance Fund:

a.       APG Federal Credit Union ("APG"), with headquarters in Edgewood,

Maryland;

b.       Bank of America ("BoA"), with headquarters in Charlotte, North

Carolina;

c.       Branch Banking and Trust Company ("BB&T"), with headquarters in

Winston Salem, North Carolina;

d.       Capital One, with headquarters in Mclean, Virginia;

e.       Citibank, with headquarters in Sioux Falls, South Dakota;

f.       Community Bank ("Community"), with headquarters in Lexington,

Tennessee;

g.       First Mariner Bank ("First Mariner"), with headquarters in Baltimore,

Maryland;

h.       Manufacturers and Traders Trust Company (M&T), with headquarters in

Buffalo, New York;

i.       PNC Bank ("PNC"), with headquarters in Wilmington, Delaware;

j.       Security Plus Federal Credit Union ("Security Plus"), with headquarters in

Russellville, Kentucky;

k.      State Employees' Credit Union (SECU), with headquarters in Linthicum, Maryland;

l.      Suntrust Bank ("Suntrust"), with headquarters in Atlanta, Georgia;

m.      Susquehanna Bank ("Susquehanna"), with headquarters in Lititz, Pennsylvania, acquired by Branch Banking and Trust Company (BB&T), with headquarters in Winston Salem, North Carolina;

n.      Tower Federal Credit Union ("Tower"), with headquarters in Laurel, Maryland; and

o.      Wells Fargo Bank ("Wells Fargo"), with headquarters in Sioux Falls, South Dakota.

**Manner and Means of the Conspiracy and the Scheme and Artifice to Defraud**

3.      From in or around September 2012, through in or around July 2015, in the District of Maryland and elsewhere, defendants **THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT LEE SANDS, HEATHER BROOKE ROBERTS, MICHAEL J. WALKER, TARA KATHLEEN WHYTE, TRACY LEE WHYTE, SHANNON ELISE ISLEY, LAUREN ANNE BOLE, FELICIA KAYE WAYBRIGHT, RONALD JASON RHODA, and AMIE NICOLE CARTER,** and others known and unknown to the Grand Jury, conspired and agreed together to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, through false and fraudulent pretenses, representations and promises, as set forth more specifically below.

4.      It was part of the scheme and artifice to defraud that defendants **THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT LEE SANDS,**

3

and others known and unknown to the Grand Jury, traveled by vehicles from Florida into other states, including Maryland, where they broke into unattended vehicles parked at recreation areas, dog parks, sports fields, gyms and fitness centers and other similar areas and stole the wallets, purses and other items which had been left in the vehicles by the drivers and passengers.

5. It was further part of the scheme and artifice to defraud that defendants **THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT LEE SANDS,** and others known and unknown to the Grand Jury, stole any wallets, credit cards, checks or check books, identifications and other items which could be used to pose as the victims or to access the financial accounts of the victims.

6. It was further part of the scheme and artifice to defraud that defendants **THEODORE L. PITTMAN, COURTNEY B. WALKER,** and others known and unknown to the Grand Jury, recruited prostitutes, drug addicts, and other homeless and vulnerable individuals to travel with them to conduct financial transactions using the checks, drivers licenses and other materials which they stole out of the vehicles.

7. It was further part of the scheme and artifice to defraud that defendants **THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT LEE SANDS,** and others known and unknown to the Grand Jury, distributed the checks, credit cards and identifications stolen from the vehicles to individuals whom they had recruited to conduct transactions against the financial accounts of victims, thereby obtaining funds which were in the care, control and custody of financial institutions.

8. It was further part of the scheme and artifice to defraud that defendants **HEATHER BROOKE ROBERTS, MICHAEL J. WALKER, TARA KATHLEEN WHYTE, TRACY LEE WHYTE, SHANNON ELISE ISLEY, LAUREN ANNE BOLE,**

**FELICIA KAYE WAYBRIGHT, RONALD JASON RHODA, AMIE NICOLE CARTER,**

and others known and unknown to the Grand Jury, used the checks, credit cards and

identifications stolen from the vehicles to conduct transactions against the financial accounts of

victims, thereby obtaining funds which were in the care, control and custody of financial

institutions.

      a.      Checks drawn on one victim's account were made payable to a second

victim and cashed by a member of the conspiracy at a financial institution where the second

victim had an open account, allowing the members of the conspiracy to cash checks for large

amounts of money freely.

      b.      Members of the conspiracy posed as the victims, often wearing wigs and

glasses to more closely resemble the victims in the stolen driver's licenses which they used to

conduct the transactions.

      c.      Generally transactions were conducted at drive through teller lanes, often

the furthest lane from the teller window, and the conspirator posing as the victim sat in the

passenger seat, all to obscure the bank teller's view of the individual posing as the victim. When

a driver was not available, the individual cashing the stolen check was in the driver's seat.

      d.      Occasionally members of the conspiracy entered a bank to conduct a

transaction when instructed to do so by the drive-through teller or when the check was written

for an amount in excess of the limit for a drive-through transaction.

      e.      The members of the conspiracy who conducted transactions were paid

with drugs and food and small amounts of cash amounting to a small fraction of the total value of

the checks they had cashed.

9.      It was further part of the scheme and artifice to defraud that defendants

**THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT**
**LEE SANDS, HEATHER BROOKE ROBERTS, MICHAEL J. WALKER, TARA**
**KATHLEEN WHYTE, TRACY LEE WHYTE, SHANNON ELISE ISLEY, LAUREN**
**ANNE BOLE, FELICIA KAYE WAYBRIGHT, RONALD JASON RHODA, and AMIE**
**NICOLE CARTER,** and others known and unknown to the Grand Jury, traveled throughout the

state of Maryland and the United States conducting these vehicle thefts and fraudulent financial

transactions in one location for several days or weeks until financial institutions and law

enforcement began thwarting their activities, then they returned to Florida or moved on to

another location.

10.      It was further part of the scheme and artifice to defraud that defendants

**THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT**
**LEE SANDS,** and others known and unknown to the Grand Jury, buried or otherwise hid for

future use, the checks, credit cards, identification cards and other items that they had stolen from

vehicles but had not yet used.

11.      It was further part of the scheme and artifice to defraud that defendants

**THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT**
**LEE SANDS, HEATHER BROOKE ROBERTS, MICHAEL J. WALKER, TARA**
**KATHLEEN WHYTE, TRACY LEE WHYTE, SHANNON ELISE ISLEY, LAUREN**
**ANNE BOLE, FELICIA KAYE WAYBRIGHT, RONALD JASON RHODA, and AMIE**
**NICOLE CARTER,** and others known and unknown to the Grand Jury, would return to

Maryland after weeks or months, locate the buried and hidden materials, and reuse the materials

again after scrutiny likely to uncover their activities had faded in Maryland.

12.     It was further part of the scheme and artifice to defraud that defendants **THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT LEE SANDS,** and others known and unknown to the Grand Jury, would trade the materials they had stolen from the vehicles to other crews of co-conspirators who were present in the State of Maryland, in exchange for cash, a portion of the proceeds, or other stolen materials in the future.

13.     It was further part of the scheme and artifice to defraud that defendants **THEODORE L. PITTMAN, COURTNEY B. WALKER, JAMES J. BLAKEY, VINCENT LEE SANDS, HEATHER BROOKE ROBERTS, MICHAEL J. WALKER, TARA KATHLEEN WHYTE, TRACY LEE WHYTE, SHANNON ELISE ISLEY, LAUREN ANNE BOLE, FELICIA KAYE WAYBRIGHT, RONALD JASON RHODA, and AMIE NICOLE CARTER,** and others known and unknown to the Grand Jury, fraudulently obtained and attempted to obtain moneys in amounts exceeding $1,000,000.00 from over a dozen institutional using the means of identification of hundreds of individual victims during the course of the scheme.

## The Charge

14.    From in or around September 2012, through in or around July 2015, in the District

of Maryland and elsewhere,

**THEODORE L. PITTMAN,**
a/k/a "Teddy," "Tony," and "Bear,"
**COURTNEY B. WALKER,**
a/k/a "Wayne Leo Walker,"
**JAMES J. BLAKEY,**
a/k/a "Jamal,"
**VINCENT LEE SANDS,**
a/k/a "Young SP" and "Chad,"
**HEATHER BROOKE ROBERTS,**
**MICHAEL J. WALKER,**
**TARA KATHLEEN WHYTE,**
**TRACY LEE WHYTE,**
a/k/a "Nikki,"
**SHANNON ELISE ISLEY,**
**LAUREN ANNE BOLE,**
**FELICIA KAYE WAYBRIGHT,**
a/k/a "Felicia Kaye Phillips,"
**RONALD JASON RHODA,**
a/k/a "Jason Rhoda," and
**AMIE NICOLE CARTER,**

conspired and agreed together to knowingly and willfully execute and attempt to execute a

scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain monies,

funds and credits of financial institutions, and under the custody and control of financial

institutions, by means of false and fraudulent pretenses, representations and promises, in

violation of Title 18, United States Code § 1344.

18 U.S.C. § 1349

## COUNT TWO
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about January 18, 2013, in the District of Maryland, the defendants,

### MICHAEL J. WALKER, and
### HEATHER BROOKE ROBERTS,

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendants cashed check number 2702, drawn on Bank of America account ending 5446 and belonging to "JM," in the amount of $1,690.00, made payable to "EK," using the Maryland driver's license of "EK" ending 4349 and "EK's" PNC debit card ending 3663, all at the Taylor Branch of PNC in Annapolis, Maryland.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about January 18, 2013, in the District of Maryland, the defendants,

### MICHAEL J. WALKER and
### HEATHER BROOKE ROBERTS,

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendants used the name and the Bank of America financial account number ending 5446, belonging to "JM," and the name, debit card number ending 3663, and Maryland driver's license ending 4349, belonging to "EK," all during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. §1344, as set forth in Count Two of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

Case 1:15-cr-00565 Document 1 Filed 10-27-2015 Page 11 of 34

**COUNT FOUR**
**(Bank Fraud)**

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about January 31, 2013, in the District of Maryland, the defendants,

**MICHAEL J. WALKER and**
**HEATHER BROOKE ROBERTS,**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendants tendered check number 1315, drawn on Bank of America account ending 7051 and belonging to "KD," in the amount of $1,620.00, made payable to "JW" and deposited into the Susquehanna bank account of "JW," and then the defendants immediately withdrew $1,620.00 from the same account, all using the Maryland driver's license of "JW" ending 9610 and "JW's" Susquehanna bank account ending 7892, all at the Joppa Road Branch of Susquehanna in Towson, Maryland.

18 U.S.C. § 1344
18 U.S.C. § 2

11

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about January 31, 2013, in the District of Maryland, the defendants,

### MICHAEL J. WALKER and
### HEATHER BROOKE ROBERTS

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendants used the name and the Bank of America financial account number ending 7051, belonging to "KD," and the name, the Susquehanna bank account number ending 7892, and Maryland driver's license ending 9610, belonging to "JW," all during and in relation to bank fraud conspiracy under 18 U.S.C. § 1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. § 1344, as set forth in Count Four of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

## COUNT SIX
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.    On or about February 11 and 12, 2013, in the District of Maryland, the defendant,

### AMIE NICOLE CARTER,

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: defendant negotiated the following checks, all made payable to "GC," using "GC's" Maryland driver's license ending 5070 and Tower member number ending 7618:

| Check No. | Amount | Financial Institution | Account Number | Account Holder | Tower Federal Location |
|-----------|--------|----------------------|----------------|----------------|------------------------|
| 1681 | $1,000.00 | PNC | 1545 | "SF" | Snowden Branch, Columbia, MD |
| 2956 | $1,900.00 | BoA | 1417 | "VW" | Snowden Branch, Columbia, MD |
| 2954 | $ 500.00 | BoA | 1417 | "VW" | Arundel Mills Branch, Hanover, MD |

18 U.S.C. § 1344
18 U.S.C. § 2

13

## COUNT SEVEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2. On or about February 11 and 12, 2013, in the District of Maryland, the defendant,

### AMIE NICOLE CARTER,

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendant used the name and the PNC financial account number ending 1545, belonging to "SF," the name and the Bank of America financial account number ending 1417 belong to "VW" and the name, Tower member number ending 7618, and Maryland driver's license ending 5070, belonging to "GC," all during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. §1344, as set forth in Count Six of the Indictment.

18 U.S.C. §§1028A(a)(1), and (c)(5)
18 U.S.C. §2

## COUNT EIGHT
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about March 5, 2013, in the District of Maryland, the defendant,

### AMIE NICOLE CARTER,

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendant cashed check number 538, drawn on Citibank account ending 4882 and belonging to "AW," in the amount of $1,000.00, made payable to "OO" and using the Capital One bank account ending 0857 and social security number ending 4778, both belonging to "OO," at the Gateway Overlook Branch of Capital One in Elkridge, Maryland.

18 U.S.C. § 1344
18 U.S.C. § 2

15

## COUNT NINE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about March 5, 2013, in the District of Maryland, the defendant,

### AMIE NICOLE CARTER,

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly

transfer, possess and use, without lawful authority, a means of identification of another person,

knowing that the means of identification belonged to another person, to wit: the defendants used

the name and Citibank financial account number ending 4882 belonging to "AW" and the name,

social security number ending 4778 and Capital One financial account number ending 0857,

belonging to "OO," all during and in relation to bank fraud conspiracy under 18 U.S.C. § 1349,

as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. § 1344, as set forth

in Count Eight of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5).
18 U.S.C. §2

## COUNT TEN
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about March 7, 2013, in the District of Maryland, the defendants,

**AMIE NICOLE CARTER, and
COURTNEY B. WALKER,
a/k/a "Wayne Leo Walker,"**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendants attempted to cash check number 517, drawn on Suntrust Bank account ending 8284 and belonging to "LF," in the amount of $2,000.00, made payable to "ST," using the Maryland driver's license of "ST" ending 4159, all at the Timonium Branch of Wells Fargo Bank in Timonium, Maryland.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT ELEVEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about March 7, 2013, in the District of Maryland, the defendants,

**AMIE NICOLE CARTER, and**
**COURTNEY B. WALKER,**
**a/k/a "Wayne Leo Walker,"**

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendants used the name and Suntrust Bank account number ending 8284, belonging to "LF" and the name and Maryland driver's license ending 4159 belonging to "ST," all during and in relation to bank fraud conspiracy under 18 U.S.C. § 1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. § 1344, as set forth in Count Ten of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. §2

18

## COUNT TWELVE
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.    On or about March 20, 2013, in the District of Maryland, the defendants,

**SHANNON ELISE ISLEY, and**
**TRACY LEE WHYTE,**
**a/k/a "Nikki,"**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendants attempted to cash check number 3498, drawn on M&T Bank account ending 3824 and belonging to "EH," in the amount of $1,220.00, made payable to PNC Bank account holder "RO," using the Maryland driver's license of "RO" ending 7599 at the Rogers Avenue Branch of PNC Bank in Ellicott City, Maryland.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT THIRTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about March 20, 2013, in the District of Maryland, the defendants,

### SHANNON ELISE ISLEY, and
### TRACY LEE WHYTE,
#### a/k/a "Nikki,"

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendants used the name and M&T Bank account number ending 3824, belonging to "EH" and the name and Maryland driver's license ending 7599, belonging to "RO," all during and in relation to bank fraud conspiracy under 18 U.S.C. § 1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. § 1344, as set forth in Count Twelve of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

## COUNT FOURTEEN
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about March 29, 2013, in the District of Maryland, the defendants,

**MICHAEL J. WALKER and
TRACY LEE WHYTE,
a/k/a "Nikki,"**

 knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendants cashed check number 1049, drawn on Community Bank account ending 1036 and belonging to "JT," in the amount of $1,612.00, made payable to "JJ" and using the Maryland driver's license of "JJ" ending 0825, all at the Edgewood Branch of APG in Edgewood, Maryland.

18 U.S.C. § 1344
18 U.S.C. § 2

21

**COUNT FIFTEEN**
**(Aggravated Identity Theft)**

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about March 29, 2013, in the District of Maryland, the defendants,

**MICHAEL J. WALKER and**
**TRACY LEE WHYTE,**
**a/k/a "Nikki,"**

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendant used the name and the Community Bank account number ending 1036, belonging to "JT," and the name and Maryland driver's license ending 0825 belonging to "JJ," all during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. §1344, as set forth in Count Fourteen of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

## COUNT SIXTEEN
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about April 30, 2013, in the District of Maryland, the defendants,

**RONALD JASON RHODA,**
**a/k/a "Jason Rhoda," and**
**TARA KATHLEEN WHYTE,**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendants attempted to cash a check in the amount of $2000.00, made payable to "AB" and using the Maryland driver's license ending 6787 and Tower member number ending 2720 of "AB," all at the Snowden Branch of Tower in Columbia, Maryland.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT SEVENTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about April 30, 2013, in the District of Maryland, the defendants,

**RONALD JASON RHODA,**
**a/k/a "Jason Rhoda," and**
**TARA KATHLEEN WHYTE,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendants used the name and the Maryland driver's license ending 6787 and Tower member number ending 2720 of "AB," during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. §1344, as set forth in Count Sixteen of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

## COUNT EIGHTEEN
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about May 3 and 4, 2013, in the District of Maryland, the defendant,

### TARA KATHLEEN WHYTE,

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendant cashed the following checks, all made payable to "AB," using "AB's" Maryland driver's license and Tower member number ending 2720:

| Check No. | Amount | Financial Institution | Account Number | Account Holder | Tower Federal Location |
|---|---|---|---|---|---|
| 250 | $500.00 | Security Plus | 0275 | "SA" | Millersville Branch, Millersville, MD |
| 1651 | $500.00 | M&T | 4138 | "AT" | Arundel Mills Branch, Edgewater, MD |
| 1648 | $500.00 | M&T | 4138 | "AT" | Millersville Branch, Millersville, MD |
| 548 | $500.00 | BoA | 3283 | "AY" | Arundel Mills Branch, Edgewater, MD |

18 U.S.C. § 1344
18 U.S.C. § 2

25

## COUNT NINETEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about May 3 and 4, 2013, in the District of Maryland, the defendant,

### TARA KATHLEEN WHYTE,

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendant used the name and the Security First bank account number ending 0275 belonging to "SA," the name and M&T bank account number ending 4138 belonging to "AT," the name, Tower member number ending 2720, and the Maryland driver's license belonging to "AB," all during and in relation to bank fraud conspiracy under 18 U.S.C. § 1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. § 1344, as set forth in Count Eighteen of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

## COUNT TWENTY
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about May 29 and May 30, 2013, in the District of Maryland, the defendant,

### THEODORE L. PITTMAN,
### a/k/a "Teddy," "Tony," and "Bear,"

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendant smashed the window of a vehicle parked at the Kenwood Country Club in Bethesda, Maryland, and stole the purse belonging to "JR" and containing checks drawn on "JR's" BB&T account ending 8652 and the Virginia driver's license ending 0248 of "JR," and transferred these items to co-conspirators who subsequently used them to obtain and attempt to obtain funds from financial institutions, including the BB&T branch located in Timonium, Maryland, all during and in relation to bank fraud conspiracy under 18 U.S.C. § 1349, as set forth in Count One of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

Case 1:15-cr-00565   Document 1   Filed 10-27-2015   Page 28 of 34

## COUNT TWENTY-ONE
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.  Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.  On or about June 6 and 7, 2013, in the District of Maryland, the defendants,

**LAUREN ANNE BOLE and
TARA KATHLEEN WHYTE,**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendants cashed check numbers 380 and 382, drawn on Bank of America account ending 2573 and belonging to "KS," in the amount of $1,000.00 and $1080.00, respectively, and made payable to "CA," using the Maryland driver's license ending 5802 and "CA's" SECU member number ending 4982 and SECU savings account ending 1206, at the Owings Mills Branch of SECU in Owings Mills, Maryland and the Towson Branch of SECU in Towson, Maryland, respectively.

18 U.S.C. § 1344
18 U.S.C. § 2

28

## COUNT TWENTY-TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.       Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.       On or about June 6 and 7, 2013, in the District of Maryland, the defendants,

**LAUREN ANNE BOLE and
TARA KATHLEEN WHYTE,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly

transfer, possess and use, without lawful authority, a means of identification of another person,

knowing that the means of identification belonged to another person, to wit: the defendants used

the name and Bank of America financial account number ending 2573, belonging to "KS," and

the name, the SECU member number ending 4982, the SECU financial account number ending

1206, and Maryland driver's license ending 5802, all belong to "CA," during and in relation to

bank fraud conspiracy under 18 U.S.C. § 1349, as set forth in Count One of the Indictment and

bank fraud under 18 U.S.C. § 1344, as set forth in Count Twenty-One of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. §2

29

## COUNT TWENTY-THREE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about July 31, 2013, in the District of Maryland, the defendants,

**JAMES J. BLAKEY,**
**a/k/a "Jamal," and**
**VINCENT LEE SANDS,**
**a/k/a "Young SP" and "Chad,"**

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendants smashed the windows of vehicles parked at Centennial Park in Columbia, Maryland, and stole property belonging to "JB" and "PP," including a Maryland driver's license ending 7401 issued to "JB," a Suntrust debit card belonging to "JB," a Bank of America credit card belonging to "JB," and a check payable to "PP," all during and in relation to bank fraud conspiracy under 18 U.S.C. § 1349, as set forth in Count One of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

Case 1:15-cr-00565 Document 1 Filed 10-27-2015 Page 31 of 34

## COUNT TWENTY-FOUR
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.    On or about April 3, 2014, in the District of Maryland, the defendants,

### FELICIA KAYE WAYBRIGHT
### a/k/a "Felicia Kaye Phillips,"

defendant herein, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendant cashed the following checks, all made payable to "JO," using "JO's" Pennsylvania driver's license ending 8566, "JO's" Susquehanna bank account ending 4671 and "JO's" Susquehanna debit card ending 4051:

| Check No. | Amount | Financial Institution | Account Number | Account Holder | Susquehanna Location |
|---|---|---|---|---|---|
| 481 | $900.00 | Suntrust | 2314 | "MSP" | Hunt Valley Branch Hunt Valley, MD |
| 348 | $880.00 | BoA | 1224 | "DB" | Hunt Valley Branch Hunt Valley, MD |
| 484 | $983.00 | Suntrust | 2314 | "MSP" | Owings Mills Branch Owings Mills MD |

18 U.S.C. § 1344
18 U.S.C. § 2

Case 1:15-cr-00565   Document 1   Filed 10-27-2015   Page 32 of 34

## COUNT TWENTY-FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.  Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.  On or about April 3, 2014, in the District of Maryland, the defendant,

### FELICIA KAYE WAYBRIGHT
### a/k/a "Felicia Kaye Phillips,"

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendant used the name and Suntrust bank account number ending 2314, belonging to "MSP;" the name and Bank of America account number ending 1224, belonging to "DB;" and the name, Pennsylvania driver's license ending 8566, Susquehanna bank account number ending 4671, and Susquehanna debit card ending 4051, all belonging to "JO," all during and in relation to bank fraud conspiracy under 18 U.S.C. § 1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. § 1344, as set forth in Count Twenty-Four of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

## COUNT TWENTY-SIX
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about April 14 and 15, 2014, in the District of Maryland, the defendants,

**THEODORE L. PITTMAN,**
**a/k/a "Teddy," "Tony," and "Bear," and**
**FELICIA KAYE WAYBRIGHT**
**a/k/a "Felicia Kaye Phillips,"**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, to wit: the defendants cashed the following checks, all made payable to "EL:"

| Check No. | Amount | Financial Institution | Account Number | Account Holder | First Mariner Location |
|-----------|--------|----------------------|----------------|----------------|------------------------|
| 116 | $990.00 | BoA | 0928 | "JC" | Woodlawn Branch, Woodlawn, MD |
| 911 | $960.00 | M&T | 3807 | "WL" | Woodlawn Branch, Woodlawn, MD |
| 120 | $820.00 | BoA | 0928 | "JC" | Woodlawn Branch, Woodlawn, MD |

18 U.S.C. § 1344
18 U.S.C. § 2

33

## COUNT TWENTY-SEVEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of Count One are hereby incorporated by reference as though fully set forth herein.

2.     On or about April 14 and 15, 2014, in the District of Maryland, the defendants,

**THEODORE L. PITTMAN,**
**a/k/a "Teddy," "Tony," and "Bear," and**
**FELICIA KAYE WAYBRIGHT**
**a/k/a "Felicia Kaye Phillips,"**

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendants used the name and Bank of America financial account number ending 0928, belonging to "JC;" the name and M&T financial account number ending 3807, belonging to "WL," all during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of the Indictment and bank fraud under 18 U.S.C. §1344, as set forth in Count Twenty-Six of the Indictment.

18 U.S.C. §§ 1028A(a)(1), and (c)(5)
18 U.S.C. § 2

Rod J. Rosenstein
United States Attorney

**SIGNATURE REDACTED**

Foreperson
Date: October 2, 2015